U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 8 2017
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. JACKSON, JR., | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-3027-M (BF) |
| SELECT PORTFOLIO SERVICING, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Select Portfolio Servicing's ("Defendant") Motion to Dismiss Plaintiff's "Verified First Amended Complaint" ("Motion to Dismiss") [ECF No. 11]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 11].

## BACKGROUND

This *pro se* action arises out of a foreclosure proceeding initiated against Plaintiff Robert E. Jackson, Jr. ("Plaintiff") in connection with real property located at 1615 Venus Dr., E. Lancaster, Texas 75134. Am. Compl. 1-2, ECF No. 10. Plaintiff alleges in his Amended Complaint that the defendants "presented under a contract of insurance, a form of a mortgage loss claim based on a loss of income due to the Loan conditions allegedly not being fulfilled by the borrower/Plaintiff herein." Am. Compl. 3, ECF No. 10. Plaintiff contends that "[a]s a consequence, the unknown carrier was solicited by one or more beneficiaries and their agents and those acting on their behalf to pay off some or all of the alleged loss occasioned as alleged." Am. Compl. 3, ECF No. 10. Plaintiff further contends that "the consequence legally is that no indebtedness under a promissory note remained, nor would there be justification for a continuation or effectiveness of the subject deed of trust

[mortgage] after the claim was allegedly paid off by the carrier." Am. Compl. 3-4, ECF No. 10.

Plaintiff's Amended Complaint alleges the following causes of action: (1) negligence; (2) fraudulent misrepresentation, deceit, and concealment by deceptive account maintenance and fraudulent intent causing foreclosure; (3) temporary restraining order and preliminary injunction [writ of prohibition] to enjoin any sale or conveyance of subject property by Defendants; (4) breach of two written contracts; (5) unjust enrichment (by conversion) and restitution; (6) trespass to try title/quiet title; (7) accounting; and (8) declaratory relief. Am. Compl. 3-4, ECF No. 10. On December 6, 2016, Defendant filed its Motion to Dismiss arguing that Plaintiff's claims should be dismissed, because, even after being afforded an opportunity to amend his Complaint, Plaintiff failed to state any claims for which the Court could grant relief. Mot. to Dismiss 1, ECF No. 11. Plaintiff failed to file a response and the time to do so has passed.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Under Rule 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A

claim has facial plausibility where the plaintiff alleges facts that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the well-pleaded facts do not allow the court to infer more than a possibility of misconduct, the complaint has only alleged, but has not shown that the pleader is entitled to the relief sought. *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011))."A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing FED. R. EVID. 201(b)).

## ANALYSIS

### Negligence

The elements of a negligence cause of action under Texas law are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by the breach of the legal duty. *Boudreux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005). "In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant." *Miller v. CitiMortgage, Inc.*, No. 3:11-CV-2786-L (BN), 2013 WL 4766808, at *10 (N.D. Texas Sept. 5, 2013) (citing *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962); *UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 613-15 (Tex. App.-Corpus Christi 2005, pet. denied); *Fraley v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1060-N (BK), 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012)).

Defendant argues that Plaintiff has not and cannot allege facts that establish a legal duty outside the terms of the loan contracts between the parties. Mot. 3-4, ECF No. 11. Defendant argues that any tort claims fail under the economic loss rule, because any tort claims such as Plaintiff's negligence claim is unavailable where the claim necessarily relates to the representation or issues pertaining to the terms of a written contract such as the loan documents. Mot. 4, ECF No. 11. Furthermore, Defendant argues that any tort or contract claims based on alleged representations that are outside of the written loan documents are precluded by the statute of frauds to the extent any of those claims are based on terms or representations not present in the written loan documents. Mot. 4-5, ECF No. 11.

As Defendant argues, Plaintiff's negligence claim fails, because Plaintiff does not allege facts

that establish a legal duty outside the terms of the loan contract. Am. Compl. 4-5, ECF No. 10. "In Texas, the economic loss rule 'generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177-78 (5th Cir. 2016) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). "'In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence.'" *Id.* at 178 (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 12-13). "Therefore, the economic loss rule dictates that any losses [] suffered as a result of the [] agreements give rise to claims sounding in contract, not tort." *Id.* Further, Plaintiffs do not allege facts showing that the relationship between Plaintiff and Defendant is anything other than that of a lender and borrower, and Plaintiff has not otherwise shown that Defendant owes him a legal duty. Hence, Plaintiff's negligence claim fails.

### Fraud

> A fraud claim under Texas law is actionable when: (1) a material misrepresentation was made; (2) the representation was false; (3) the falsity of the representation was known to be false when made or was asserted without knowledge of its truth; (4) the representation was intended to be acted upon; (5) the representation was relied upon; and (6) injury occurred as a result.

*Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460-L, 2013 WL 1858195, at *9 (N.D. Tex. May 3, 2013) (citing *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010); *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). In addition, reliance on the material misrepresentation must be reasonable. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013) ("Moreover, his reliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement and

the notice of foreclosure was not reasonable as a matter of law... Viewed in the light most favorable to [Plaintiff], no reasonable jury could conclude on the basis of the evidence before it that the defendants' actions were fraudulent and their collection efforts were unreasonable." (citing *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App.-Houston [14th Dist.], 2007, pet. denied))). Further,"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

> What constitutes particularity will necessarily differ with the facts of each case . . . . At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. . . . Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks and citations omitted).

Defendant argues that Plaintiff predicates his fraud claim on an unsubstantiated claim that some unidentified person on an unidentified date and time and in an unidentified manner promised him that if he stopped making his loan payments he could qualify for a loan modification. Mot. to Dismiss 7, ECF No. 11; Am. Compl. 5, ECF No. 10. Defendant argues that such claims have not been alleged with the requisite particularity, and Plaintiff's alleged reliance on such alleged representations would have not been reasonable as a matter of law based on the terms of the loan agreement and foreclosure notice. Mot. to Dismiss 7, ECF No. 11. The undersigned is unable to construe a fraud claim under the standards discussed, despite taking a liberal construction of Plaintiff's allegations due to his *pro se* status. Therefore, this claim should be dismissed.

### Breach of Contract

In order to state a claim for breach of contract under Texas law, Plaintiff must allege the following: (1) the existence of a valid contract; (2) Plaintiff's performance or tendered performance; (3) Defendant's breach of the contract; and (4) damages caused to Plaintiff by the breach. *See Lewis v. Bank of Am., N.A.*, 343 F.3d 540, 545 (5th Cir. 2003) (citing *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 353 (Tex. App.-Corpus Christi 2002, pet. denied)). Plaintiff must also identify the specific contract provision that he alleges has been breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Further, if Plaintiff "fail[s] to allege [that he was] current on [his] payments . . . , dismissal of the[] breach of contract claim is proper." *Id.* (citing *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012)).

Defendant argues that Plaintiff's breach of contract claim fails, because he cannot truthfully allege that he performed or tendered performance under the terms of his loan by timely making his mortgage payments. Mot. to Dismiss 5, ECF No. 11. Furthermore, Defendant argues that Plaintiff failed to identify any contract provision that Defendant breached or how any breach caused him damages. Mot. to Dismiss 5, ECF No. 11. As Defendant argues, Plaintiff failed to adequately state a breach of contract claim under the standards discussed. Therefore, Plaintiff's breach of contract claim should be dismissed.

### Unjust Enrichment/Restitution

"'A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 462 (5th Cir. 2017) (quoting *Heidenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)); *see also Everett Fin., Inc. v. Primary*

7

*Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2016 WL 7378937, at *14 (N.D. Tex. Dec. 20, 2016) ("To the extent that a cause of action for unjust enrichment is recognized in Texas, it requires that the defendant have profited at the plaintiff's expense." (citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998))). "The general rule . . . is well settled and has been applied in many cases to foreclose quasi-contractual claims like unjust enrichment and promissory estoppel where an express contract governed the parties' dispute." *Kiewit Offshore Servs., Ltd. v. Dresser-Rand Global Servs., Inc.*, Civ. Action No. H-15-1299, 2016 WL 4564472, at *19 (S.D. Tex. Sept. 1, 2016) (citing *Williams v. Colonial Bank, N.A.*, 199 F. App'x 399, 403 (5th Cir. 2006); *Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002); *TransAmerican Nat'l Gas Corp. v. Finkelstein*, 933 S.W.2d 591, 600 (Tex. App.-San Antonio 1996, writ denied)). Where "the parties agree that the Contract is valid and enforceable and governs their dispute . . . Texas law clearly forecloses [] alternative theories for unjust enrichment and promissory estoppel. . . [A] plaintiff may alternatively plead both contractual and quasi-contractual [claims] where the existence of an express contract between the parties has not been established." *Kiewit Offshore Servs., Ltd.*, 2016 WL 4564472, at *20 (citing *Baisden v. I'm Ready Prods., Inc.*, Civ. Action No. H-08-451, 2008 WL 2118170, at *10 (S.D. Tex. May 16, 2008); *Waller v. DB3 Holdings, Inc.*, No. 3:07-CV-491-D, 2008 WL 373155, at *6 (N.D. Tex. Feb. 12, 2008); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005); *Freeman v. Carroll*, 499 S.W.2d 668, 670 (Tex. Civ.-Tyler 1973, writ ref'd n.r.e.)).

Defendant argues that, because any obligations or duties relating to the subject loan were contractual in nature, Plaintiff has not and cannot allege facts that could support an unjust enrichment claim. Mot. to Dismiss 9, ECF No. 11. Furthermore, Defendant argues that Plaintiff

failed to allege how Defendant or anyone else could have been unjustly enriched since Plaintiff defaulted on his mortgage obligations and resides in the property without making payments. Mot. to Dismiss 9, ECF No. 11. As Defendant argues, Plaintiff fails to state a viable unjust enrichment claim. As an initial point, the parties do not dispute the validity of the subject loan contract. In addition, as Defendant argues, it is unclear to the Court from Plaintiff's allegations how Defendant was unjustly enriched and why Plaintiff is entitled to restitution. *See* Am. Compl. 8, ECF No. 10. Upon consideration of the foregoing, Plaintiff's claims for unjust enrichment/restitution should be dismissed.

### **Accounting**

"'An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action.'" *Brown v. Cooley Enter., Inc.*, No. 3:11-CV-124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (quoting *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.-Corpus Christi 2001, no pet.)). "An equitable accounting is proper when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law." *Id.* (citing *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.-El Paso 1993, writ denied)). "'When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting.'" *Id.* (quoting *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717-18 (Tex. App.-Houston [14th Dist.] 2002, pet. denied)). If Plaintiff is attempting here to assert accounting as a cause of action, Plaintiff's bare assertion that he is entitled to an accounting fails to state such a claim. *See Watson v. CitiMortgage, Inc.*, 814 F. Supp. 2d 726, 738 (E.D. Tex. 2011) ("Plaintiffs' bare assertion that they are entitled to accounting does not meet the standard of

plausibility because they have not alleged that they are unable to attain pertinent information through ordinary discovery procedures."). If Plaintiff is attempting to seek accounting as a remedy, he is also not entitled to such, because he has not alleged an adequate underlying cause of action for which he can be awarded a remedy by the Court.

## Declaratory Relief

The federal Declaratory Judgment Act ("FDJA") applies to this case. *See Thompson v. Bank of America, N.A.*, 13 F. Supp. 3d 636, 660 (N.D. Tex. 2014). "'Federal district courts cannot award relief pursuant to the Texas Declaratory Judgment Act [] because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules.'" *Id.* (citing *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013)). The "FDJA is a procedural device that creates no substantive rights. . . . Further, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Id.* Because Defendant's Motion to Dismiss should be granted with respect to Plaintiff's substantive claims, the Court should grant Defendant's request to dismiss Plaintiff's claim for declaratory relief.

## Trespass to Try Title/Quiet Title

Plaintiff asserts claims for trespass to try title and quiet title. Am. Compl. 9, ECF No. 10. In order to "prevail on a trespass to try title claim, a party must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Ocwen Loan Servicing, L.L.C. v. Hashemi*, No. 3:14-CV-3413-N (BK), 2016 WL 625047, at *2 (N.D. Tex. Jan. 15, 2016) (citing TEX. PROP. CODE § 22.001; *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). "In order to quiet title, a plaintiff 'must allege [a] right, title, or

10

ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Contreras v. SFMC, Inc.*, No. 3:14-CV-2340-B, 2015 WL 1011763, at *4 (N.D. Tex. Mar. 5, 2015) (citing *Turner v. AmericaHomeKey, Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013)). "The plaintiff must recover on the strength of his own title rather than on the weakness of the defendant's." *Id.* (internal quotation marks and citations omitted).

Defendant argues that Plaintiff has not alleged nor can Plaintiff truthfully allege that Defendant is claiming some superior right of title to the subject property. Mot. to Dismiss 8, ECF No. 11. Defendant argues that Plaintiff has not and cannot allege any facts to support the notion that Defendant, a mortgage servicer, has claimed a superior right of title, nor has Plaintiff alleged how or why the first lien on the subject property should be declared invalid. Mot. to Dismiss 8, ECF No. 11. Defendant argues that Plaintiff has not alleged that a foreclosure sale took place and that Plaintiff cannot truthfully do so. Mot. to Dismiss 8-9, ECF No. 11. Defendant argues that the Court should dismiss Plaintiff's trespass to try title and quiet title claims, because Plaintiff failed to state facts to support the essential elements for those claims. Mot. to Dismiss 9, ECF No. 11. As argued by Defendant, Plaintiff wholly failed to state plausible claims for relief. The Court is not able to discern any allegations that sufficiently support Plaintiff's claims for trespass to try title and quiet title. Therefore, these claims should also be dismissed.

### TRO/Preliminary Injunction

Defendant argues that Plaintiff is not entitled to injunctive relief, because Plaintiff failed to adequately state an underlying cause of action. Mot. to Dismiss 7-8, ECF No. 11. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. . . . [I]njunctive relief requires that plaintiff first plead [a] viable underlying cause of action."

*Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. Jul. 12, 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.-Houston [1st Dist.] 2008, no pet.); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). Because Plaintiff failed to adequately state an underlying cause of action, Plaintiff is not entitled to injunctive relief.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the District Court grant Defendant's Motion to Dismiss [ECF No. 11].

**SO RECOMMENDED**, this 5 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).