UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. JACKSON, JR., <br> Plaintiff, | § <br> § <br> § | |
| v. | § | No. 3:16-cv-3027-M (BF) |
| SELECT PORTFOLIO SERVICING, <br> Defendant. | § <br> § <br> § <br> § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration the Findings, Conclusions, and Recommendation of United States Magistrate Judge Paul D. Stickney. The Court reviewed the Findings, Conclusions, and Recommendation for plain error. Finding none, the Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**IT IS THEREFORE ORDERED** that Defendant Select Portfolio Servicing's Motion to Dismiss Plaintiff's "Verified First Amended Complaint" [ECF #11] is **GRANTED**, and all claims and causes of action asserted by Plaintiff Robert E. Jackson, Jr., against Defendant Select Portfolio Servicing are **DISMISSED** with prejudice.

Ordinarily, the Court would allow a *pro se* plaintiff, like Plaintiff Robert E. Jackson, Jr., an opportunity to amend his complaint in response to a recommended dismissal or when the action is to be dismissed pursuant to a court order. *See Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 755 (N.D. Tex. 2013). However, the Court may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff has had ample opportunity to amend the complaint to state a claim upon which relief can be granted, but chooses not to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with

1

prejudice is also appropriate if the Court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, the Magistrate Judge advised Plaintiff that his Original Complaint was not in compliance with Fed. R. Civ. P. 8(a). *See* Order and Not. of Deficiency [ECF #6]. Defendant also filed a Motion to Dismiss Plaintiff's Original Complaint and, in the Alternative, Motion for More Definite Statement [ECF #8], arguing that the Original Complaint failed to state any facts to support any of the causes of action alleged, and further that the majority, if not all, of Plaintiff's claims fail as a matter of law regardless of the facts alleged. Plaintiff filed his Amended Complaint in response to the Court's Order and Notice of Deficiency and Defendant's Motion to Dismiss. However, the Amended Complaint did not allege sufficient facts to state a viable claim against Defendant and further failed to cure the other deficiencies identified in Defendant's Motion to Dismiss. Additionally, Plaintiff failed to respond to Defendant's Motion to Dismiss his Amended Complaint and has not sought leave to amend in light of the issues identified in Defendant's Motion. Indeed, Plaintiff has not filed anything in this case other than the documents initiating this action and his Amended Complaint. The Court thus determines that Plaintiff is unwilling or unable to amend his pleadings in a manner that will avoid dismissal and that dismissal with prejudice is appropriate.

**SO ORDERED** this 11 day of September, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE